

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEVEN C. ARGENTO, individually and d/b/a S.C. FINE ARTS,

        Plaintiff,

v.

MARILYN SANTIAGO, FOR THE LOVE OF RAMÓN LLC, ALL THAT JAZZ, ROCHESTER, LLC, ACT TWO HOME STAGING, AND JOHN DOES 1 TO 10.

        Defendants.

Case No. 16-CV-6172-FPG-MWP

---

### RESPONSE OF THE ACTING REGISTER OF COPYRIGHTS TO REQUEST PURSUANT TO 17 U.S.C. § 411(b)(2)

On December 19, 2017, pursuant to 17 U.S.C. § 411(b)(2), the Court requested advice from the Acting Register of Copyrights (the "Acting Register")[1] by February 5, 2018, on the following question (the "Request"):

> Would the Register of Copyrights have rejected Plaintiff's Registration No. VA 1-990-174 for graphic art ("Santiago Family Crest," filed February 16, 2016) had it known that Plaintiff had falsely claimed to be the work's author on his copyright registration application, when in fact another individual had created the work roughly a decade before the creation date listed on Plaintiff's application?[2]

The Acting Register hereby submits her response.

### BACKGROUND

A review of the Copyright Office's records shows the following:

---

[1] The Librarian of Congress appointed Karyn Temple Claggett to the position of Acting Register of Copyrights on October 21, 2016. *See* U.S. COPYRIGHT OFFICE, *About Us*, https://www.copyright.gov/about/leadership/ (last visited December 26, 2017).

[2] Req. to the Register of Copyrights Pursuant to 17 U.S.C. § 411(b)(2) 2, ECF No. 45.

On February 16, 2016, the U.S. Copyright Office ("Copyright Office" or "Office") received an application to register a graphic art titled "Santiago Family Crest," also referred to as "the stylized 'R.'" The application identified Steven C. Argento as the author. The application stated that the work was created in 2002 and first published on September 1, 2002. The Office registered the work with an effective date of registration ("EDR")[3] of February 16, 2016, and assigned registration number VA 1-990-174. Based on the information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate.[4]

In the Order accompanying the Request, the Court found:

> Plaintiff included inaccurate information concerning the authorship of the stylized "R" on his copyright application with the knowledge that it was inaccurate. . . . As Ramón Santiago had actually created the "R" and had been using it since at least 1993, Plaintiff surely knew that listing himself as the author of the "R" and the creation date as 2002 on the copyright registration application were inaccurate representations. Plaintiff has not rebutted Defendant's version of the facts, and in any event, the Court cannot devise any alternative explanation that Plaintiff could give.[5]

The Court requests the Acting Register to consider whether, given this information, the Office would have refused to register the claim.

## ANALYSIS

An application for copyright registration must comply with the requirements of the Copyright Act set forth in 17 U.S.C. §§ 408(a), 409, and 410. Regulations governing applications for registration are codified in title 37 of the Code of Federal Regulations at 37 C.F.R. §§ 202.1 to 202.21. The principles that govern how the Office examines registration applications are found in the *Compendium of U.S. Copyright Office Practices, Third Edition* ("*Compendium*"). The statutory requirements, regulations, and *Compendium* practices most relevant to the Court's request are as follows:

---

[3] The EDR is the date that the Office received a completed application, the correct deposit copy, and the proper filing fee.

[4] The principles that govern how the Office examines registration applications are found in the *Compendium of U.S. Copyright Office Practices, Third Edition*, which is "an administrative manual" that "explains many of the practices and procedures concerning the Office's mandate and statutory duties under title 17 of the United States Code." 37 C.F.R. § 201.2(b)(7). One such principle is that the Office generally "accepts the facts stated in the registration materials, unless they are contradicted by information provided elsewhere in the registration materials or in the Office's records." U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S COPYRIGHT OFFICE PRACTICES § 602.4(C) (3d. ed. 2017). Additionally, "the Office does not conduct investigations or make findings of fact to confirm the truth of any statement made in an application . . . ." *Id.*

[5] Decision and Order 7-8, ECF No. 44.

## I.     Relevant Statutes, Regulations and, Agency Practices

In pertinent part, under the Copyright Act, an application must include, "in the case of a work other than an anonymous or pseudonymous work, the name and nationality or domicile of the author or authors . . . ."[6] As the *Compendium* explains, "[a]n author is either (i) the person or persons who created the work, or (ii) the employer or other person for whom the work was prepared, if the work was created during the course of employment or commissioned as a work made for hire."[7]

The Copyright Office's regulations require applicants to make "[a] declaration that information provided within the application is correct to the best of [the applicant's] knowledge . . . ."[8] Generally, the Office "accepts the facts stated in the registration materials, unless they are contradicted by information provided elsewhere in the registration materials or in the Office's records."[9]

## II.    Acting Register's Assessment of the Alleged Inaccuracy's Materiality

In responding to the Court's question, the Office applies the foregoing governing statutory and regulatory standards, and examining principles.

Based on the foregoing governing statutory and regulatory standards, and its examining practices, had the Office been aware, prior to registration, that the stylized "R" was incorporated into artwork by Ramón Santiago as early as 1993 and appears to have been created by him, the Office would have refused the 2016 registration of that work, because Steven Argento was not the person who created the work, and this case does not implicate the question of authorship in a situation involving a work made for hire.

The Office notes, however, that it is not unusual for the examiner to correspond with an applicant about factual assertions if the assertions appear to conflict with other information provided in the application materials.[10] Accordingly, if the Office becomes aware of an error at the time of application, such as whether the work was published, or has questions about facts asserted in the application, it provides the applicant an opportunity to correct the error or verify the facts within a specified period of time.[11] If the applicant responds in a timely fashion to the satisfaction of the Office, the Office can proceed with the registration. The Acting Register's response herein is

---

[6] 17 U.S.C. § 409(2).
[7] COMPENDIUM (THIRD) § 405; *see also* COMPENDIUM (THIRD) § 613.1.
[8] 37 C.F.R. § 202.3(c)(2)(iii).
[9] COMPENDIUM (THIRD) § 602.4(C).
[10] *Id.*
[11] Generally, in responding to questions from the Office concerning issues in the application materials, "the deadline for responding to an email from a registration specialist is forty-five calendar days," *id.* § 605.6(B), and "[t]he deadline for responding to a letter from a registration specialist is forty-five calendar days," *id.* § 605.6(D).

3

thus based on the assumption that the error identified in the Court's question would not have been timely corrected through such a process.

Dated: January 19, 2018

_(signature)_
Karyn Temple Claggett
Acting Register of Copyrights