UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEVEN C. ARGENTO, individually and d/b/a
S.C. FINE ARTS,

                          Plaintiff,

v.

MARILYN SANTIAGO, FOR THE LOVE
OF RAMÓN LLC, ALL THAT JAZZ,
ROCHESTER, LLC, ACT TWO HOME STAGING,
and JOHN DOES 1 to 10.

                          Defendants.

Case # 16-CV-6172-FPG-MWP

DECISION AND ORDER

**INTRODUCTION**

Plaintiff Steven Argento brought this copyright and trademark infringement suit against Defendant All That Jazz (hereinafter "Defendant") on June 24, 2016. ECF No. 7. On August 9, 2017, Defendant moved for summary judgment. ECF No. 41. Plaintiff never responded to Defendant's Motion. On December 18, 2017, the Court granted Defendant's Motion with respect to Plaintiff's trademark claim but submitted to the Register of Copyrights an inquiry regarding Plaintiff's copyright claim. On January 25, 2018, the Register of Copyrights answered the Court's inquiry. For the reasons stated below, Defendant's Motion for Summary Judgement is GRANTED in full.

1

**DISCUSSION**

## I. Factual Background[1]

The factual background of this action is detailed in the December 18, 2017 Order Granting in Part and Deferring in Part Defendant's Motion for Summary Judgment. ECF No. 44. A brief summary follows of the background relevant to this Order.

Rochester-based artist Ramón Santiago died in December of 2001, naming his widow, Marilyn Santiago, as the sole beneficiary of his estate. ECF No. 41-3 at 1. Accordingly, all intellectual property interests in his art passed to Ms. Santiago. *Id.* Plaintiff, Ramón Santiago's nephew, nonetheless claims an ownership interest in a "stylized R"[2] drawing that his uncle Ramón invented several decades ago. Plaintiff registered the "stylized R" design with the Copyright Office in February 2016, falsely listing on his copyright registration application that he authored the design. On June 6, 2016, Plaintiff sued Defendant for unauthorized distribution of copyrighted work under 17 U.S.C. § 106(3).

## II. Referral to the Copyright Office

As explained in the Court's December 2017 Order, only registered copyrights are presumptively valid and capable of supporting an infringement suit. ECF No. 44 at 6. Defendant asks the Court to invalidate Plaintiff's copyright, which would destroy both Plaintiff's ability to maintain his infringement suit and the presumptive validity of his registered "R."

17 U.S.C. § 411(b) requires the Court to answer two questions before invalidating a copyright registration: 1) whether "the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate," and 2) whether "the inaccuracy of

---

[1] These facts are taken from Defendant's unopposed Statement of Material Facts as to Which There is No Genuine Issue. ECF No. 41-3.
[2] Plaintiff alleges that the "stylized R" is actually a "Lucky 3." ECF No. 47 at 2. The precise name of the design is not relevant to any legal argument in this case, so for the sake of consistency between this Order and the Court's December 2017 Order, the Court will continue to refer to the design as the "stylized R."

the information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1). If the Court answers both questions in the affirmative, it should hold the registration "invalid and thus incapable of supporting an infringement action." *Russ Berrie & Co. v. Jerry Elsner Co.*, 482 F. Supp. 980, 988 (S.D.N.Y. 1980).

The Court has already determined that Plaintiff included inaccurate information concerning the authorship of the stylized "R" on his copyright application with the knowledge that it was inaccurate. ECF No. 44 at 8. As required by 17 U.S.C. § 411(b)(2), the Court submitted the second question of whether "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration" to the Register of Copyrights. ECF No. 45.

On January 25, 2018, the Register of Copyrights responded to the Court's inquiry. The Register determined that had the Copyright "Office been aware, prior to registration," that the stylized "R" "appears to have been created by [Ramón Santiago], the Office would have refused the 2016 registration of that work, because [Plaintiff] Steven Argento was not the person who created the work, and this case does not implicate the question of authorship in a situation involving work made for hire." ECF No. 46 at 3.

Because the Court, with the aid of the Register of Copyrights, has answered both of 17 U.S.C. § 411(b)'s questions in the affirmative, it accordingly holds Plaintiff's registration invalid and thus unable to support a copyright infringement suit. Plaintiff's claim under 17 U.S.C. § 106(3) is therefore DISMISSED.[3]

---

[3] The Court dismissed Plaintiff's trademark claim under the New York Arts and Culture Affair Law in the December 2017 Order. ECF No. 44.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgement (ECF No. 41) is GRANTED in full.  The Clerk of the Court is directed to terminate Defendant All That Jazz from this case.

IT IS SO ORDERED.

Dated: February 15, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court