UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVEN C. ARGENTO, individually and
d/b/a as S.C. FINE ARTS,

        DECISION & ORDER

                Plaintiff,

        16-CV-6172P

            v.

MARILYN SANTIAGO, et al.,

                Defendants.
_____

## PRELIMINARY STATEMENT

        Plaintiff Steven C. Argento ("Argento") seeks a default judgment against defendant For the Love of Ramon, LLC. (Docket # 63). The motion is unopposed. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (Docket # 71).

## PROCEDURAL HISTORY

        Argento, represented by counsel, commenced this action against defendants Marilyn Santiago ("Santiago"), For the Love of Ramon, LLC, and All That Jazz Rochester, LLC, in March 2016. (Docket # 1). His amended complaint asserted claims for, *inter alia*, copyright infringement, trademark infringement, unfair competition, and breach of contract. (Docket # 7). Defendants Marilyn Santiago and For the Love of Ramon, LLC, represented by the same attorney, answered the complaint; in the answer, Santiago asserted various counterclaims against

Argento. (Docket # 10). Defendant All That Jazz Rochester, LLC, also answered (Docket # 15), and summary judgment was granted in its favor on February 15, 2018 (Docket # 48).

Several months following mediation, counsel for Argento withdrew from representation (Docket # 39), and Argento has represented himself since that time. In February 2018, counsel for defendants Santiago and For the Love of Ramon, LLC, moved to withdraw from representation of those defendants. (Docket # 49). The motion to withdraw was granted, and defendants were granted thirty days to retain new counsel. (Docket # 57). The parties were advised at oral argument on the motion that a corporation is not permitted to proceed *pro se* and that, for that reason, defendant For the Love of Ramon, LLC, had to secure new counsel within that time frame in order to defend this action. (*Id.*). The following day, April 6, 2018, this Court issued a written Order reflecting its determination and directions regarding retention of new counsel; specifically, the Court included in its Order the following advisement:

> For the Love of Ramon, LLC, is advised that failure to retain another attorney within the prescribed time may result in a default judgment against it because corporations may not proceed *pro se*.

(Docket # 56). No notice of appearance on behalf of either Santiago or For the Love of Ramon, LLC, was filed by the court-ordered deadline.

In its April 6, 2018 Order, this Court also scheduled a further status conference for May 22, 2018. (*Id.*). Argento appeared for the scheduled conference, but neither Santiago nor counsel appeared. (Docket # 59). Chambers staff attempted to reach Santiago by telephone and was advised that she had recently undergone surgery. (*Id.*). The status conference was rescheduled for June 28, 2018. (Docket # 60). In the rescheduling Order, the Court again noted that a corporation could not represent itself, and that no attorney had appeared on behalf of For the Love of Ramon, LLC. (*Id.*).

2

Santiago appeared for the June 28, 2018 status conference, at which the Court addressed the status of discovery. (Docket ## 61, 63). Counsel did not appear on behalf of the corporation. (*Id.*). That same date, Argento filed the instant application on the grounds that For the Love of Ramon, LLC, "has failed to retain counsel or otherwise defend within the time allowed and, therefore, is now in default." (Docket # 63 at ¶ 6). The motion was entitled "Request for Entry of Default" and was originally docketed as a request for clerk's entry of default. (Docket ## 62, 63). Because For the Love of Ramon, LLC, had originally retained counsel and answered the complaint, the Court did not enter a clerk's default, but instead directed the Clerk to refile the application as a motion for default judgment. (Docket ## 62, 63, 65). This Court issued a scheduling order on the motion directing any response to be filed by August 20, 2018. (Docket # 68). No opposition or response was filed by the deadline or at any time thereafter.

## DISCUSSION

As the defendants have repeatedly been counseled by the Court in open court and in written orders, the law does not permit a corporation to represent itself. *See*, *e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("[i]t has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel"); *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) ("[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney") (internal quotation omitted), *cert. denied*, 549 U.S. 1114 (2007); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("[t]he rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread"); *Guardian Life Ins. Co. of Am. v. Willms Fin.*

3

*Network, LLC*, 2018 WL 6628068, *2 & n.1 (S.D.N.Y. 2018) (default judgment entered against corporate defendant that did not retain new counsel following prior counsel's withdrawal), *report and recommendation adopted by*, 2019 WL 280390 (S.D.N.Y. 2019); *Millennium Pipeline Co., LLC v. Acres of Land, Inc.*, 2015 WL 6126949, *2 (W.D.N.Y. 2015) ("[i]t is clear that a corporation cannot appear without an attorney, and while a corporation's principal can appear *pro se* in his individual capacity, he cannot do so on behalf of the corporation[;] [t]hat rule is well established"). That the corporation is a limited liability corporation does not relieve it of the obligation to engage counsel. *Guardian Life Ins. Co. of Am. v. Willms Fin. Network, LLC*, 2018 WL 6628068 at *1-2; *Alexis v. PMM Enters. LLC*, 2018 WL 5456491, *1 (D. Conn. 2018); *Christa Constr., LLC v. Connelly Drywall, LLC*, 879 F. Supp. 2d 389, 391 (W.D.N.Y. 2012) ("given [defendant's] status as a Limited Liability Corporation, it is undisputed that it cannot proceed *pro se* in this action, but rather must be represented by an attorney"). In this case, this Court has received no request by Santiago or anyone purporting to act on behalf of the corporation for additional time to attempt to secure counsel. Indeed, the record is devoid of any indication or suggestion that the corporation has any intent to defend itself in this action.

In cases in which a defendant has failed to answer or, if it is a corporation, failed to retain counsel, a plaintiff is entitled to default judgment where "drawing all reasonable inferences in the moving party's favor, the facts alleged in the complaint state a claim for relief as to each cause of action." *Sky Vapors, LLC v. Blazynski*, 2018 WL 6696995, *2 (W.D.N.Y. 2018) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *see also Anthony Vince Nail Spa, Inc. v. Palazzo Nail Spa, Inc.*, 2018 WL 3420013, *1 (N.D.N.Y. 2018) ("before entering default judgment, the Court must review the [c]omplaint to determine whether

[the] [p]laintiff has stated a valid claim for relief") (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). As one court has explained the requirement:

> The court need not, however, "agree that the alleged facts constitute a valid cause of action." *TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) (internal quotation marks and citations omitted) Indeed, "before a district court enters a default judgment, it must determine whether the allegations in a complaint establish the defendant's liability as a matter of law." *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013) (citing *Finkel v. Romanowicz*, 577 F.3d at 84). To the extent that the plaintiff's allegations are inadequate, "a district court has discretion under Rule 55(b)(2) … to require proof of necessary facts" to satisfy itself that there is "a valid cause of action." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d at 65; *accord Finkel*, 577 F.3d at 87.

*Kohler Co. v. Bold Int'l FZCO*, 2018 WL 3635056, *4 (E.D.N.Y.), *report and recommendation adopted as modified on other grounds*, 2018 WL 4804655 (E.D.N.Y. 2018). In addition, "even if the defendant is found to be liable, the defendant's default is not considered an admission of the plaintiff's entitlement to an award of damages or requested injunction." *Id.* (citing *Au Bon Pain Corp.*, 653 F.2d at 65).

In this case, in its determination that defendant All That Jazz Rochester, LLC, was entitled to summary judgment dismissing Argento's claims, the Court found that Argento's copyright registration and common law trademark are invalid. (Docket ## 44, 48). With respect to Argento's claimed common law trademark, the Court found that he "has no right to claim a trademark in the words 'Estate of Ramon Santiago'" and that his "trademark rights in the seal are illusory, as is his claim that [d]efendant violated his rights by selling art that it purchased from the estate's only authorized representative, Marilyn Santiago." (Docket # 44 at 10). With respect to the copyright design, the Court found that Argento "included inaccurate information concerning the authorship of the [design] on his copyright application with the knowledge that it

5

was inaccurate" and held that his registration is "invalid and thus unable to support a copyright infringement suit." (Docket # 48 at 3).

Argento's claimed intellectual property is the basis of his infringement causes of action against defendants. (*See* Docket # 7 at ¶¶ 128-36, 143-57). The alleged validity of that "property" also appears to be central to and give rise to the other claims he asserts against For the Love of Ramon, LLC. (*See id.* at ¶¶ 117-27, 137-42, 158-79). Indeed, Chief Judge Geraci not only granted summary judgment to defendant All That Jazz Rochester, LLC, on Argento's claim of copyright infringement, but also on his claim against it under New York Arts and Cultural Affairs Law Section 33.09. (Docket # 44 at 8-10). The Court's finding that Argento's common law trademark and copyright registration are invalid appears to preclude his claims against For the Love of Ramon, LLC, and foreclose his entitlement to judgment as a matter of law, even assuming that the corporation has forfeited its right to defend this action by failing to retain counsel.

Therefore, on this record, the Court denies without prejudice Argento's application for judgment against For the Love of Ramon, LLC. As noted above, Argento originally filed his application, accompanied by a brief seven-paragraph affidavit, as a motion for clerk's entry of default pursuant to Fed. R. Civ. P. 55(a), likely anticipating that, if granted, he would file a subsequent motion for default judgment pursuant to Rule 55(b)(2). The Court converted his application into a Rule 55(b)(2) motion, noting that For the Love of Ramon, LLC, had filed an answer. Because Argento has not addressed the issue identified herein – whether, as it appears, his claims against For the Love of Ramon, LLC, are foreclosed as a matter of law as a result of the Court's determination that his trademark and copyright are invalid – he should be given the opportunity to do so, if he has a good-faith factual and legal basis for pursuing

judgment. Accordingly, if Argento wishes to pursue judgment against the corporate defendant based on its failure to retain counsel, he may file a new motion under Rule 55(b)(2); such motion must address the invalidity determinations and their effect on Argento's claims.

## **CONCLUSION**

Accordingly, plaintiff's motion for default judgment against defendant For the Love of Ramon, LLC **(Docket # 63)** is **DENIED without prejudice**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      February 27, 2019