UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEVEN C. ARGENTO, individually and
d/b/a as S.C. FINE ARTS,

          DECISION & ORDER

       Plaintiff,

          16-CV-6172P

   v.

MARILYN SANTIAGO, et al.,

       Defendants.
_____


## PRELIMINARY STATEMENT

On August 15, 2019, the Court issued an Order to Show Cause to plaintiff Steven C. Argento ("Argento") and defendants Marilyn Santiago ("Santiago") and For the Love of Ramon, LLC ("FTLR") why their claims and counterclaims should not be dismissed for failure to prosecute them. (Docket # 80). The Order set a deadline of September 16, 2019 for the parties to file sworn affidavits demonstrating why dismissal was not appropriate. (*Id.*). No affidavits have been filed.

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge.[1] (Docket # 71). For the reasons explained herein, plaintiff's claims against defendants Santiago and FTLR, and defendant Santiago's counterclaims against plaintiff are dismissed.

___

[1] The consent was entered on August 21, 2018. (Docket # 71). Prior to that time, dispositive motions were decided by Chief United States District Judge Frank P. Geraci, Jr., the district judge to whom the case had been assigned.

## PROCEDURAL HISTORY

Argento commenced this action against defendants Santiago, FTLR, and All That Jazz Rochester, LLC, in March 2016. (Docket # 1). His amended complaint asserted claims for, *inter alia*, copyright infringement, trademark infringement, unfair competition, and breach of contract. (Docket # 7). Defendants Santiago and FTLR answered the complaint; in the answer, Santiago asserted various counterclaims against Argento. (Docket # 10). Defendant All That Jazz Rochester, LLC ("All That Jazz") also answered. (Docket # 15).

Mediation was conducted several months after the initial Rule 16 scheduling conference, and a few months thereafter counsel for Argento withdrew from representation.[2] (Docket ## 22, 34, 39). Argento has represented himself since that time.

On February 15, 2018, the district court granted the summary judgment motion filed by defendant All That Jazz and dismissed Argento's claims. (Docket ## 44, 48). With respect to Argento's claimed common law trademark, the court found that he "has no right to claim a trademark in the words 'Estate of Ramon Santiago'" and that his "trademark rights in the seal are illusory, as is his claim that [d]efendant violated his rights by selling art that it purchased from the estate's only authorized representative, Marilyn Santiago." (Docket # 44 at 10). With respect to the copyright design, the court found that Argento "included inaccurate information concerning the authorship of the [design] on his copyright application with the knowledge that it was inaccurate" and held that his registration is "invalid and thus unable to support a copyright infringement suit." (Docket # 48 at 3). The district court also granted summary judgment to

---

[2] The mediator's certificate filed with the Court reflected that the claims and counterclaims between Argento and Santiago had settled. (Docket # 34). No agreement was apparently ever signed, no stipulation of dismissal was ever filed, and plaintiff and defendants later indicated that they were unable to reach agreement on "final terms." (Docket # 35).

defendant All That Jazz on Argento's claim under New York Arts and Cultural Affairs Law Section 33.09. (Docket # 44 at 8-10).

The next day, counsel for defendants Santiago and FTLR moved to withdraw from representation of those defendants. (Docket # 49). The motion to withdraw was granted, and defendants were afforded thirty days to retain new counsel. (Docket # 57). The parties were advised at oral argument that a corporation is not permitted to proceed *pro se* and that FTLR had to secure new counsel within that time frame. (Docket ## 56, 57). No notice of appearance on behalf of either Santiago or FTLR was filed by the court-ordered deadline. They remain unrepresented.

This Court scheduled a further status conference for May 22, 2018. (Docket # 56). Argento appeared for the scheduled conference, but neither Santiago nor counsel appeared. (Docket # 59). Chambers staff attempted to reach Santiago by telephone and was advised that she had recently undergone surgery. (*Id.*). The status conference was rescheduled for June 28, 2018. (Docket # 60). In the rescheduling Order, the Court again noted that a corporation could not represent itself, and that no attorney had appeared on behalf of FTLR. (*Id.*).

Santiago appeared for the June 28, 2018 status conference, at which the Court addressed the status of discovery. (Docket ## 61, 63). Counsel did not appear on behalf of the corporation. (*Id.*). That same date, Argento filed a motion for default judgment against FTLR on the grounds that it had "failed to retain counsel or otherwise defend within the time allowed." (Docket # 63 at ¶ 6). Despite the issuance of a motion scheduling order (Docket # 68), no opposition or response was filed by the corporation.

On February 27, 2019, this Court denied Argento's motion for default judgment against defendant FTLR. (Docket # 74). The Court noted that the district court's earlier determination that

> Argento's common law trademark and copyright registration are invalid appears to preclude his claims against [FTLR] and foreclose his entitlement to judgment as a matter of law, even assuming that the corporation has forfeited its right to defend this action by failing to retain counsel.

(*Id.* at 6). Although the Court denied Argento's motion, it did so without prejudice to Argento's right to file a new motion "address[ing] the invalidity determinations and their effects on Argento's claims." (*Id.* at 7). Argento did not file any new motion for default judgment against the corporate defendant.

Cognizant that neither side appeared to be pursuing discovery, filing motions, or otherwise prosecuting his or her claims or counterclaims, this Court scheduled a status conference for April 25, 2019. On April 25, 2019, Argento appeared. (Docket # 76). Santiago did not appear or contact the Court in advance of the scheduled conference to request an adjournment. The Court attempted to reach Santiago by telephone at the time scheduled for the appearance, but was unable to reach her. The Court rescheduled the status conference for May 7, 2019. (Docket # 75). Both Argento and Santiago appeared by phone for that conference. (Docket # 78).

As the Court noted in its Order dated April 25, 2019, the purpose of the May 7, 2019 conference was "to determine whether this Court should schedule a further mediation in this case and, if so, whether either or both of the *pro se* parties wish to request appointment of *pro bono* counsel for the limited purpose of having the assistance of counsel during mediation." (Docket # 75). In response to this Court's inquiry on these issues, Argento indicated that he

4

would be interested in a further mediation with the assistance of *pro bono* counsel. Santiago, however, indicated that she neither wished to mediate this case, nor have this Court appoint her *pro bono* counsel. She also represented clearly that she did not intend to defend against the claims asserted by Argento in the amended complaint or pursue her counterclaims against Argento. In response to these representations, this Court advised Santiago of the consequences of both failing to defend against Argento's claims and failing to prosecute her own counterclaims. Despite these warnings, Santiago did not change her position, and the Court set a deadline of June 10, 2019, for Argento to file a motion for default judgment on any of the claims asserted against Santiago in the amended complaint. (Docket # 77).

> In the written order reflecting that deadline, Argento was reminded:
>
> "[B]efore a district court enters a default judgment, it must determine whether the allegations in a complaint establish the defendant's liability as a matter of law." *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013). Therefore, "in order to warrant a finding of liability, the [p]laintiff[] must demonstrate that the allegations set forth in the [c]omplaint state valid claims." *Airbinder v. Money Ctr. Fin. Grp., Inc.*, 2013 WL 1335997, *7 (E.D.N.Y.), *report and recommendation adopted by*, 2013 WL 1335893 (E.D.N.Y. 2013). Moreover, "while a party's default is deemed to constitute concession of all well-pleaded allegations of liability, it is not considered an admission of damages . . . [and] [a] [p]laintiff[] must still establish that [he] [is] entitled to the damages [he] seek[s], providing adequate support for the same." *Id.* at *12 (citations omitted).

(*Id.* at 2-3). Argento was directed to address the standards set forth above with regard to both liability and damages in any motion for default judgment that he filed. (*Id.* at 4). Moreover, the Court noted in its Order that the same claims pled in the amended complaint against FTLR – as to which the Court denied summary judgment in Argento's favor because they appeared foreclosed by the district court's earlier determination – are also pled against Santiago (*see*

5

Docket # 7 at ¶¶ 117-79). (*Id.* at 3). Accordingly, Argento was also directed to address whether his claims against Santiago were precluded by the district court's findings that Argento's claimed rights in the intellectual property on which he based his claims against All That Jazz were illusory, invalid or non-existent. (*Id.* at 3-4).

The Court received a letter from Argento dated June 11, 2019 (the day following the court-ordered deadline) requesting a two-week extension to file a motion for default judgment. (Docket # 79). The Court granted the request and extended the deadline until June 24, 2019. (*Id.*). No motion for default judgment was filed by the deadline.

**THE ORDER TO SHOW CAUSE**

On August 5, 2019, this Court issued the pending Order to Show Cause to plaintiff and defendants Santiago and FTLR. (Docket # 80). The Order advised them that the Court was considering whether (1) plaintiff's claims against defendants Santiago and FTLR should be dismissed for failure to prosecute them – specifically, by failing to take any action for over twelve months to prosecute his claims, including by failing to pursue party or non-party discovery or to file motions for default judgments against defendants Santiago and FTLR that addressed the issues identified in this Court's Orders (Docket ## 74, 77); and (2) defendant Santiago's counterclaims against Argento should be dismissed for failing to prosecute them – specifically, by failing to take any action for over twelve months to prosecute the counterclaims, including by failing to pursue any discovery relating to the counterclaims and by representing at the May 7, 2019 telephone conference with the Court her intention to abandon her counterclaims. (*Id.* at 2). Pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York, (1) Argento was directed to file a sworn

affidavit by September 16, 2019, demonstrating why his claims against defendants Santiago and FTLR are not foreclosed by the district court's prior invalidity determinations and why his claims should not be dismissed notwithstanding his lack of prosecutive action for over twelve months; and (2) Santiago was directed to serve and file a sworn affidavit by September 16, 2019, demonstrating why her counterclaims against plaintiff Argento should not be dismissed notwithstanding her lack of prosecutive action for over twelve months and her prior representation that she does not intend to pursue the counterclaims. (*Id.* at 3). Both were explicitly cautioned that "failure to show cause as directed . . . shall be construed by the Court as absence of opposition to dismissal of plaintiff's claims and/or defendant's counterclaims and will result in an order dismissing the claims and/or counterclaims." (*Id.*).

The record in this case justifies the exercise of the Court's discretion in a concededly unusual manner: to dismiss the plaintiff's claims in his amended complaint against the two remaining defendants, and concurrently to dismiss defendant Santiago's counterclaims against the plaintiff. The parties have been repeatedly warned about the consequences of failing to take action to prosecute their claims. Despite those warnings, no meaningful action has been taken either by plaintiff or defendants in over twelve months, including any steps to pursue discovery on their claims. At the May 7, 2019 telephone conference, defendant Santiago was crystal clear in her articulation of her intent to abandon her counterclaims – an intent underscored by her failure to respond to the Court's August 15 Order to Show Cause. This Court has explained to plaintiff in several written decisions and orders that the Court's authority to grant judgment to plaintiff despite defendants' inaction is constrained by the district court's previous rulings that his claimed intellectual property rights are invalid or non-existent. (*See* Docket ## 44, 48). Plaintiff has been given ample time and multiple opportunities to attempt to

7

show why his claims against defendants Santiago and FTLR are not foreclosed by those rulings. He has not done so. Although he requested and was granted one extension of time to file a motion making such a showing, he did not file any papers by the extended deadline. The reasonable construction of plaintiff's failure to file such a motion is that he does not intend to attempt to make the required showing – an intent also underscored by his failure to respond to the Court's Order to Show Cause.

In sum, considering Santiago's (1) expressed intent to abandon her counterclaims, (2) her failure to have taken any action to pursue her claims in over one year, (3) the Court's warning to her that the consequences of that inaction would be dismissal of her counterclaims, and (4) her failure to respond to the Court's Order to Show Cause, her counterclaims against Argento are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Further, considering Argento's failure for over one year to pursue discovery or file a motion for default judgment addressing the legal issues identified by the Court, (2) the Court's warning to him that the consequences of that inaction would be dismissal of his claims, and (3) his failure to respond to the Court's Order to Show Cause, his claims against defendants Santiago and FTLR are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). *See Collins v. Clinton*, 2019 WL 1965037, *2 (W.D.N.Y.) (noting that although discretionary dismissal is "a harsh remedy to be utilized only in extreme situations,"*Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (internal quotations omitted), "courts frequently have found dismissal of [claims] justified when the [party] fails to take any specific or concrete actions over a substantial length of time") (collecting cases), *report and recommendation adopted by*, 2019 WL 1959483 (W.D.N.Y. 2019); *Estate of Ellington ex.rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 197-98 (E.D.N.Y. 2011) (dismissing counterclaims with prejudice under Rule 41(b) where corporate

defendants stopped prosecuting them and failed to retain counsel). *See also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessary vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

## **CONCLUSION**

For the reasons stated above, the claims asserted by plaintiff Argento against defendants Santiago and For the Love of Ramon, LLC, are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Further, the counterclaims asserted by defendant Santiago against plaintiff Argento are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      September 19, 2019